# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1850, AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. RICHARD FLETCHER,

## COMMONWEALTH *vs.* JAMES REARDON.

An allegation, in an indictment against a man for adultery, that the woman, with whom the offence was committed, is the lawful wife of another man, is a sufficient allegation, that she is not the lawful wife of the defendant.

If an indictment against a man for adultery charges the offence to have been committed with a married woman, not the lawful wife of the defendant, it is not necessary to allege that the defendant was either married or unmarried.

THE defendant was tried before *Hoar*, J., in the court of common pleas, and convicted on an indictment charging him with the offence of adultery.

The indictment alleged, that the defendant, on the 15th of July 1850 " did commit the crime of adultery with one

Catharine Ann Smith, then the lawful wife of Peter J. Smith by then and there having carnal knowledge of the body of the said Catharine Ann Smith."

The defendant moved in arrest of judgment, for the following reasons: — 1st. That it did not sufficiently appear in the indictment, that Catharine Ann Smith, with whom the offence was alleged to have been committed, was not the lawful wife of the defendant; 2d. That the defendant was not alleged in the indictment to be a lawfully married man; 3d. That the defendant was not alleged therein to be unmarried. The presiding judge overruled the motion, and the defendant excepted.

*H. D. Stone*, for the defendant.

*Clifford*, attorney-general, for the commonweath.

DEWEY, J. In the opinion of the court, it does sufficiently appear in this indictment, that Catharine Ann Smith, the person with whom the adulterous intercourse is charged, was not the lawful wife of the defendant. It is in direct terms alleged, that she was "the lawful wife of Peter J. Smith." This allegation is, to all intents and purposes, substantially an allegation, that Catharine Ann Smith was not the wife of the defendant. Being at the time of the alleged offence the legal wife of Peter J. Smith, she could not be the wife of the defendant; as Catharine Ann Smith could be the wife of but one man. The government assume the burden of proving, that she was the wife of Peter J. Smith, and if they fail to sustain this allegation, the evidence will not sustain the indictment. If they do establish the fact, then they show that Catharine Ann Smith was not the wife of the defendant. The case of *Moore* v. *Commonwealth*, 6 Met. 243, does not conflict with this view of the case. In that case, there was no allegation, that the female was the wife of another person, and the only allegation, from which such inference could be supposed to be authorized, was that setting forth the name of the female, and giving her a different name from that borne by the party indicted for the adultery.

The second objection urged is, that it is not alleged in the indictment, that the defendant "was an unmarried man." The

position taken is, that the statute has. made such allegation necessary from the peculiar provisions of the Rev. Sts. *c.* 130, § 1, that the crime of adultery may be committed by an un-married man, by his having sexual intercourse with a married woman.

The counsel for the defendant assumes, that the indictment is founded wholly upon that particular part of the statute. The error of the counsel for the defendant is in supposing, that because the female, with whom the sexual intercourse is alleged to have been committed, is alleged to have been a married woman, it necessarily imports that the offence charged is one described in the latter clause of the first section of this chapter. It is true, that if the party indicted is himself alleged to be a married man, the indictment will be good and suffi-cient in form, without any allegation that the person, with whom he had sexual intercourse, was a married woman; but it is no less true, that the indictment in such case may equally allege both the parties to the adultery to be married persons. And it is no less adultery, because both the parties are married persons.

It is essential to this offence, that one of the parties should be a married person, and this much must be distinctly alleged. The charge against the defendant is, that he has had sexual intercourse with the wife of Peter J. Smith. This fact be-ing proved, the defendant is shown to have committed the crime of adultery, and equally so whether he is a married man or single, it being immaterial what his condition is in this re-spect, if the other party is a married person. All that is neces-sary to constitute the crime of adultery under our statutes is fully alleged in this indictment.

The motion in arrest of judgment must therefore be over-ruled.